UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEAN GISMEGIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20CV239 HEA |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court for judicial review of the final decision of the Commissioner of Social Security denying the application of Plaintiff for disability insurance benefits and supplemental security income benefits under Titles II and XVI, 42 U.S.C. §§ 401 *et seq.* and 1381, *et seq.* The Court has reviewed the filings and the administrative record as a whole which includes the hearing transcripts and medical evidence. The decision of the Commissioner will be reversed.

## Background

Plaintiff protectively filed for disability and Supplemental Security Income on March 24, 2017, alleging disability beginning February 13, 2015. He received an initial denial on March 17, 2017 and subsequently filed a timely Request for Hearing. He attended a hearing before an Administrative Law Judge ("ALJ") on

September 19, 2018 and a supplemental hearing on December 10, 2018. The ALJ rendered an unfavorable decision dated February 27,2019. In the decision, the ALJ found Plaintiff had the severe impairments of degenerative disc disease, obesity, affective disorder, and anxiety disorder. While the ALJ found none of Plaintiff's impairments met or equaled a listed impairment, she did find some limitations. Specifically, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform:

> Medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except routine, repetitive tasks; low stress jobs with "low stress" defined as occasional decision-making; occasional interaction with the public, co-workers and supervisors.

Based on vocational expert testimony, the ALJ found Plaintiff could perform work such as janitor, maid/housekeeper, and kitchen helper.

Plaintiff filed a timely Request for Review of Hearing Decision. The Appeals Council, on December 10, 2019, denied the request. Plaintiff has exhausted all administrative remedies. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

On September 19, 2018, Plaintiff appeared and testified at a hearing before the ALJ. The ALJ decided she needed to seek a medical expert opinion based on Plaintiff's claim of Lyme disease. On December 10, 2018, the ALJ conducted a supplemental hearing at which Plaintiff, the medical expert, and a vocational expert testified.

Plaintiff testified he treated with Dr. Crist who was a specialist in borreliosis and tick-borne infections. He was originally treated for rheumatoid arthritis and then ankylosing spondylitis. He also testified that he was being treated with chelation therapy for lead. The ALJ indicated she desired medical expert testimony on the case and decided to reschedule the hearing. Plaintiff returned for the supplemental hearing. At that hearing, the ALJ called Irving Kushner, M.D., to testify as a medical expert. Dr. Kushner testified that the only clear impairment was obesity. Dr. Kushner noted that Gismegian had tested negative for Lyme disease. He also testified that he had never treated anyone with Lyme disease. Dr. Kushner testified that Plaintiff did not have the finding on MRI to support an impairment of ankylosing spondylitis. Dr. Kushner testified that the symptoms described by Gismegian were not enough to arrive at a diagnosis. Plaintiff testified concerning his conditions and symptoms. He testified that his bones felt like they were in a vise due to pain. He also testified to suffering from chronic fatigue.

## Legal Standard

To be eligible for DBI under the Social Security Act, Plaintiff must prove that he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be declared disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At Step One, the ALJ determines whether the claimant is currently engaged in substantial gainful activity. At Step Two, the ALJ considers whether the claimant has a "severe" impairment or combination of impairments. At Step Three, the ALJ determines whether the severe impairment(s) meets or medically equals the severity of a listed impairment; if so, the claimant is determined to be disabled, and if not, the ALJ's analysis proceeds to Step Four. At Step Four of the process, the ALJ must assess the claimant's residual functional capacity (RFC) – that is, the most the claimant is able to do despite her physical and mental limitations, *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) – and determine whether the claimant is able to perform any past relevant work. *Goff v.*

*Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at fourth step of process).

The claimant bears the burden through Step Four of the analysis. If he meets this burden and shows that he is unable to perform his past relevant work, the burden shifts to the Commissioner at Step Five to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that exist in significant numbers and are consistent with his impairments and vocational factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones*, 619 Additionally, the Court must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, the Court must affirm the Commissioner's decision; the Court may not reverse the Commissioner's decision merely because substantial

evidence could also support a contrary outcome. *Id; see also Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017).

**RFC**

A claimant's residual functional capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.

## **Decision of the ALJ**

At Step One of the decision from May 22, 2019, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 13, 2015, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease, obesity, affective disorder, and anxiety disorder. The ALJ found Plaintiff did not have an impairment or combination of impairments listed in or medically equal to one contained in the Listings, 20 C.F.R. part 404, subpart P, appendix 1, (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

The ALJ determined that Plaintiff retained the residual functional capacity to perform medium work subject to the following limitations: He should perform routine, repetitive tasks; low stress jobs with "low stress" defined as occasional decision-making; occasional interaction with the public, co-workers and supervisors.

At Step Four, the ALJ found Plaintiff unable to perform his past relevant work as a chef, maintenance engineer, inventory clerk, or cook. At Step Five, the ALJ found that there are jobs that exist in significant number in the national economy that Plaintiff could perform, such as janitor, maid/housekeeper, and kitchen helper. Therefore, the ALJ found Plaintiff not disabled.

## Statement of the Issues

Generally, the issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The issue here is (1) whether the ALJ gave good reasons for giving little weight to Dr. Crist's opinion; (2) whether the ALJ erred in her evaluation of the opinions concerning Gismegian's physical impairments.

## Discussion

7

Plaintiff argues the ALJ improperly discredited the opinion of Dr. Crist, Plaintiff's treating physician.  In making her determination, the ALJ gave Dr. Crist's opinion little weight.  The ALJ discredited Dr. Crist's medical source statement as apparently relying quite heavily on the subjective report of symptoms and limitations of Plaintiff.  Dr. Crist, however, notes his objective findings in that same report.  The ALJ fails to discuss these objective findings, which may give credence to the subjective symptoms and limitations.  Notwithstanding this lack of discussion of the objective findings, the ALJ did note Dr. Crist's treatment notes fail to articulate substantive details of what Dr. Crist and Plaintiff discussed, and what treatment was actually prescribed.  Indeed, the notes also fail to clearly delineate what medications were prescribed by Dr. Crist.

Dr. Crist diagnosed Lyme disease.  The medical expert, Dr. Kushner, concluded Plaintiff did not have Lyme disease because the Western blot test given was negative.  However, the test results were not as clear cut as negative or positive, with Plaintiff having some "indeterminate" bars on the test.  While Dr. Kushner concluded Plaintiff did not have Lyme disease, he did not discuss any of clinical findings of Dr. Crist but speculated that some physicians may feel sorry for patients or are afraid to alienate them.  Dr. Crist noted physical clinical signs in both on March 1, 2016 and in his August 18, 2018 medical assessment report.  While the ALJ noted Dr. Crist's observations from the March 1, 2016 notes, she

failed to discuss these clinical findings, determining the clinical findings were "few."

> According to the Center for Disease Control,
>
> Lyme disease is the most common vector-borne disease in the United States. Lyme disease is caused by the bacterium *Borrelia burgdorferi* and rarely, *Borrelia mayonii*. It is transmitted to humans through the bite of infected blacklegged ticks. Typical symptoms include fever, headache, fatigue, and a characteristic skin rash called erythema migrans. If left untreated, infection can spread to joints, the heart, and the nervous system. Lyme disease is diagnosed based on symptoms, physical findings (e.g., rash), and the possibility of exposure to infected ticks.  Laboratory testing is helpful if used correctly and performed with validated methods. Most cases of Lyme disease can be treated successfully with a few weeks of antibiotics.

CDC Website, https://www.cdc.gov/lyme/index.html. (last visited February 9, 2021).  As noted by the CDC, diagnosis is based on symptoms, physical findings, and exposure, with laboratory testing being "helpful."  The record before the Court includes all three of the bases for diagnosis. Reliance on Plaintiff's disclosure of his symptoms is necessary for assessment. Simply dismissing Dr. Crist's findings and relying on Dr. Kushner's conclusion that because the Western blot test was negative, in spite of the indeterminant bars, does not provide substantial evidence on the record as a whole.

Defendant attempts to support the decision with Plaintiff's daily activities. As Plaintiff correctly notes, the ALJ did not appear to base any part of her decision on whether Plaintiff's daily activities are inconsistent with his alleged disabling condition.  In both hearings, the ALJ did not inquire about Plaintiff's daily

9

activities, or the treatment plan and medications he was taking as prescribed by Dr. Crist. While Plaintiff articulated some of his symptoms at the hearings, these were neither explored nor discussed in the ALJ's decision.  The decision fails to give "good reasons" for discounting Plaintiff's treating physician's diagnosis and opinion. *Dolph v. Barnhart*, 308 F.3d 876, 878 (8th Cir. 2002); *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (explaining the ALJ must always give good reasons in the decision for the weight afforded the treating source's medical opinion).

## Conclusion

After careful review, the Court finds the ALJ's decision is not supported by substantial evidence on the record as a whole. For the reasons set forth above, this matter must be remanded for further proceedings as detailed herein.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is reversed pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS FURTHER ORDERED** that this matter is remanded to the Commissioner for further proceedings.

A separate judgment shall be entered incorporating this Opinion,

Memorandum, and Order is entered this date.

Dated this 9th day of February, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE